IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

ELVIRA COLLINS, )
9608 Maywood Avenue )
Kansas City, MO 64134 )
                      )
    Plaintiff,        )
                      ) Case No.
    vs.               ) Division No.
                      )
ALLIED INTERSTATE, INC., )
435 Ford Road, # 800  )
St. Louis Park, MN 55426 )
                      )
    Defendant.        )

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

ELVIRA COLLINS (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against the ALLIED INTERSTATE, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Verified Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant conducts business in the state of Missouri, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Kansas City, Jackson County, Missouri, and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a debt collector law firm and sought to collect a consumer debt from Plaintiff that was allegedly due and owing from Plaintiff, and Plaintiff is a "debtor" as that term is defined by *Cal. Civ. Code § 1788.2(h)*.

10. Upon information and belief, Defendant is a national company with its headquarters in

St. Louis Park, Minnesota.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is a law firm debt collector that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by *Cal. Civ. Code §1788.2(b)*, and is a "debt collector" as that term is defined by *Cal. Civ. Code §1788.2(c)*.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

14. Defendant is seeking and demanding payment for an alleged debt that Plaintiff does not owe.

15. Defendant places collection calls to Plaintiff from a (866) 396-7770 telephone number.

16. Defendant has placed calls daily for the past year.

17. Defendant will disconnect the telephone calls prior to leaving any message for Plaintiff.

18. Defendant constantly and continuously fails to identify itself as a debt collector and/or that its communications are an attempt to collect on a debt.

19. Defendant failed to mail a written letter to Plaintiff describing Plaintiff's rights with respect to the alleged debt within five (5) days of Defendant's initial communication with Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to right repeatedly and/or continuously with the intent to annoy, abuse and/or harass Plaintiff because Defendant constantly and continuously places telephone calls to Plaintiff.

   b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of Defendant's identity because Defendant placed calls and hung up before leaving a message for Plaintiff identifying itself.

   c. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character and amount of the debt because Plaintiff does not owe the alleged debt.

   d. Defendant violated *§1692e(10)* of the FDCPA by using false representations in an attempt to collect a debt because Plaintiff does not owe the alleged debt.

   e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Defendant failed to identify itself when placing telephone calls to Plaintiff.

   f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector and/or that it was attempting to collect on a debt.

   g. Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the

validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, ELVIRA COLLINS, respectfully requests judgment be entered against Defendant, ALLIED INTERSTATE, INC., for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,
23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,
24. Actual damages,
25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*
26. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____/s/ Patrick Cuezze_____
Patrick Cuezze
Attorneys for Plaintiff
Krohn & Moss, Ltd.
10635 Santa Monica Blvd. Suite 170
Los Angeles, CA 90025

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ELVIRA COLLINS, hereby demands trial by jury in this action.

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI )

Plaintiff, ELVIRA COLLINS, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ELVIRA COLLINS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

02-28-2009
Date

*Lela Elvira Collins*
ELVIRA COLLINS

VERIFIED COMPLAINT

7

**EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES NO
2. Fear of answering the telephone — YES NO
3. Nervousness — YES NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — YES NO
6. Depressions (sad, anxious, or "empty" moods) — YES NO
7. Chest pains — YES NO
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — YES NO
10. Appetite and/or weight loss or overeating and weight gain — YES NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — YES NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — YES NO
15. Negative impact on my relationships — YES NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 02-28-2009

Lela Elvira Collins
Signed Name

LELA ELVIRA COLLINS
Printed Name